**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
 _____
                                :
 JUMAR COLLINS,                 :
                                :   Civil Action No. 10-5481 (RMB)
              Plaintiff,        :
                                :
              v.                :         O P I N I O N
                                :
 ACJF, et al.,                  :
                                :
              Defendants.       :
 _____
```

**APPEARANCES:**

Jumar Collins, Pro Se
189268
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

**BUMB**, District Judge

Plaintiff, Jumar Collins, currently confined at the Atlantic County Justice Facility, Mays Landing, New Jersey, has submitted this civil complaint which alleges violations of his constitutional rights, and seeks damages pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the filing fee, and seeks permission to proceed in forma pauperis. Based on Plaintiff's affidavit of indigence, this Court will grant his request.

At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who

is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, the complaint will be dismissed.

## BACKGROUND

Plaintiff seeks to sue the ACJF, as well as the warden of the facility.  He claims that:

> On 10-5-10 I requested out of the Atl. Co. Just. Fac. West law/law library the rules and guidelines of the RICO act law, and was denied access to such documents cause I am not charged with such crimes.  I am a New Jersey state parole violator, and I was violated [sic] the proper use of a law library or such documents.

(Complaint, ¶ 4).  Plaintiff asks this Court to order that all inmates have access to the law library regardless of what crimes they committed.

## DISCUSSION

**A.    Standard of Review**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte

screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

Recently, the Supreme Court refined this standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. See Fed. R. Civ. P. 8(a)(2).[1] Citing its recent

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d).

opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See id. at 1948.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 2009 WL 2501662, *4 (3d Cir., Aug. 18, 2009).

**B.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.    Plaintiff's Complaint Must Be Dismissed.**

Plaintiff's claim that he was denied access to the law library when he wanted to research certain laws is construed as a claim for denial of access to courts.

Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'-that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy' that may be awarded as recompense' for the lost claim other than in the present denial of access suit." Monroe, 536 F.3d at 205 (quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002)).  To establish

standing, a prisoner's "complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" Monroe, 536 F.3d at 205-06 (quoting Harbury, 536 U.S. at 416-17).

In this case, Plaintiff has not asserted that his ability to present a legal claim was inhibited by defendants. Nor does he demonstrate an "actual injury;" rather, he objects to being denied access to research a topic that appeared unrelated to his charges.

Even assuming, arguendo, that Plaintiff was able to establish the he suffered an actual injury, he would also need to show that he did not have "meaningful" access to the courts in order to establish a constitutional violation. Prison officials must provide inmates with the resources necessary to present valid claims to the judiciary, or adequate alternatives. See Lewis v. Casey, 518 U.S. 343, 349-55 (1996); see also Bounds v. Smith, 430 U.S. 817, 825 (1977), quoted in Lewis, 518 U.S. at 351 (stating that prisoners do not enjoy an "abstract, freestanding right to a law library or legal assistance"). Providing the inmate with court-appointed counsel satisfies the requirement of access to courts. See Bounds, 430 U.S. at 828 (holding that providing an inmate with "adequate assistance from persons trained in the law" would satisfy the requirement of access to courts); United States v. Chatman, 584 F.2d 1358, 1360 (4th Cir.

1978) (stating that prisoners do not have the option to choose "the form which [legal] assistance will take").

In this case, Plaintiff has not pled that he was denied meaningful access to courts. It is presumed that Plaintiff had the assistance of counsel at his criminal trial, thereby providing him with meaningful access to the courts.

Therefore, Plaintiff's claims must be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff may be able to correct these pleading deficiencies, the dismissal of Plaintiff's claims will be without prejudice. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Plaintiff may move to reopen his case, attaching to any such motion an amended complaint that address the deficiences of his claims, as outlined in this Opinion.

## CONCLUSION

For the reasons set forth above, Plaintiff's claims will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2).

An appropriate order accompanies this opinion.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge

Dated: July 29, 2011